VICTOR E. MAUGER *vs.* CHARLES H. CROSBY & another.

Suffolk.  March 23. — 24, 1875.  AMES & DEVENS, JJ., absent.

B. agreed to buy of A. a certain machine, and in payment therefor to give him part cash and a note for the balance secured by a mortgage, also a policy of insurance payable to him as mortgagee, before the arrival of the machine.  A.'s engineer was to put up the machine and leave it in perfect working order.  B. sent A. a check of C. for the cash payment, also a note signed by B. and indorsed by C. inclosed in a letter, requesting A. to make the bill of the machine to C., as he preferred to give his indorsement rather than a mortgage, and giving directions for shipment by a carrier and for insuring the machine.  A. sent the machine as directed, and insured it in his own name "on account of whom it may concern."  The bill of the machine was made to B. instead of to C., who directed the bill to be returned and a new bill to be sent made out to him.  The machine arrived and was delivered at B.'s place of business, in good order, except that one of two hundred pieces of which it consisted was broken, and the engineer of the plaintiff was engaged in putting it up when it was destroyed by fire.  *Held*, in an action by A. against B. and C. on the note, to which the defence was failure of consideration, that the jury would be warranted in finding that A. accepted the proposition of B. contained in the letter inclosing the note in suit, and, if so, that the transaction was complete, and the plaintiff could maintain the action.

CONTRACT on two promissory notes, each for $990, against the defendant, Crosby, as maker, and the defendant, N. B. Bryant, as indorser.  Answer, failure of consideration.  The defendant Bryant filed a declaration in set-off, to recover back the sum of $990 and interest.  The answer to the declaration in set-off was that the $990 were paid by the defendants to the plaintiff, in part payment of the price of a lithographic steam machine.  Trial in the Superior Court, before *Dewey*, J., who, by consent of the parties, before verdict, reported the case for the consideration of this court, in substance as follows :

The making and indorsing of both notes were admitted, and protest and notice to Bryant, as to the first note, was proved. It was also proved, or admitted, that the plaintiff was an importer and dealer in Hughes & Kimber's Lithographic Steam

Machines; that on October 31, 1872, he had on hand only one of these machines of the size No. 3, which was in the United States warehouse, in New York, in bond; that on that day the defendant Crosby, doing business under the name of Charles H. Crosby & Co., signed the following order or contract, addressed to the plaintiff: " Please furnish us as soon as possible with one of Hughes & Kimber's No. 3 Lithographic Steam Machines, for which we agree to pay you the sum of $2970, as follows: One third, cash before shipment of machine from New York, balance to be paid in two notes of equal amounts @ two and four months, from date of invoice, said balance to be in two notes duly secured by mortgage in your favor, on machine. Said machine to be fully insured against loss by fire, in one or more good and approved companies; loss, if any, payable to you as mortgagee, and the policy to be held by you as such mortgagee. The note, mortgage and policy of insurance to be made out, executed and delivered to you or to your lawful agent, on or before the arrival of the machine at our establishment, and until said notes, mortgage and policy of insurance shall be so delivered, the title to said machine is not to be deemed vested in us, but is to be and remain your property. It is understood that your engineer shall erect the machine and leave it in perfect working order to our satisfaction, we paying freight from New York to Boston, Mass." This contract was signed in New York, and had reference to the No. 3 machine then in bond. On the return of McClellan, the defendants' agent, to Boston, after an interview with the defendant Bryant, who furnished most of the capital with which Crosby did business, the defendant Crosby wrote the following letter to the plaintiff, dated November 1, 1872: " Inclosed please find Hon. N. B. Bryant's [check] on Security National Bank, Boston, for $990; and two notes, one at two and the other at four months, each for $990, signed by Chas. H. Crosby & Co., and indorsed by Mr. Bryant, in payment for No. 3 Lithographic Machine, ordered yesterday. Please bill the press to Mr. Bryant direct, as he prefers to give his indorsement rather than a mortgage. Please ship the press as soon as possible by Stonington Line, and insure it for $3000. Shipping directions, Chas. H. Crosby & Co., 46 Water Street, Boston, Mass., via Stonington Line." On the receipt of this letter, the plaintiff, on November 2, wrote the fol-

lowing reply, addressed to Chas. H. Crosby & Co. : " I beg to acknowledge receipt of your favor of the 1st inst., covering check $990.00, and two notes indorsed by N. B. Bryant @ two and four months @ $990.00 each, for $2970, my account against you in full for a No. 3 Lithographic Printing Machine, contracted for on the 31st. Duties paying to-day. Hope to send you B. L. and invoice on Monday next. Your instructions regards shipping, insurance, &c., shall have careful attention."

On November 4 the machine was shipped as directed in the letter of November 1. It was insured for the voyage by the plaintiff in his own name, " on account of whom it may concern." On the same day the plaintiff advised the defendant Crosby of the shipment, and inclosed the bill of lading, in which Crosby was named as the consignee. No bill of the machine was sent to Bryant, but a bill was sent directed to C. H. Crosby & Co., but not receipted, and this bill Bryant directed to be returned to New York, before the fire, with directions to send a bill made out to him. The machine arrived in Boston on November 5, and the freight from New York was paid by the defendants, and Crosby at once, by letter, requested the plaintiff's engineer, who was then in Boston, to erect the machine. On November 6 the eleven cases supposed to contain the machine were deposited by Crosby in his printing-office or establishment, and the plaintiff's engineer was again requested, by letter, to erect it there. On November 9 the engineer, with the assistance of Crosby's men, began to take it from the boxes, and during the day several of the boxes were opened, and their contents taken out. The machine consisted of more than two hundred pieces, of which one piece was broken. The boxes had never before been opened since their arrival from England, whence the machine was imported by the plaintiff. It was destroyed by fire during the night of November 9, 1872.

The plaintiff offered in evidence his letter-book containing letter-press copies of the letters dated November 2 and 4, and testified that he had no personal knowledge of the sending of the original letters, but that it was his usual practice to have the letters which were thus copied sent pre-paid to the post-office by one of the clerks, or the postman called for them, and he further testified that he gave directions, at the time the letter of Crosby was received, to answer it. The defendants had been notified to

produce the original letters ; the judge admitted the letter-press copies thereof, to which the defendants excepted.

After the introduction of the foregoing evidence, the case was taken from the jury. If the letter-press copies were properly admitted and upon the evidence reported the plaintiff is entitled to recover, judgment is to be entered against Crosby for the amount of both notes and interest from maturity, and protest fees thereon, and against Bryant for the amount of the note which first matured, with interest from maturity and protest fees thereon, he not being liable on the second note for want of notice ; if the letter-press copies were improperly admitted, but the plaintiff can maintain his action upon the other evidence independently of said letters of November 2 and 4, then the above judgment is to be entered. If the letter-press copies were wrongfully admitted and the plaintiff would be entitled to recover upon the other evidence and the original letters, but not without proof of them, then the case is to be sent back for trial. If the plaintiff cannot, upon the evidence reported and admitted by the court, recover, judgment is to be entered for the defendants ; and if the defendant Bryant is entitled to recover on his declaration in set-off, judgment is to be entered in his favor for $990, and interest from the date of the writ.

*W. S. Macfarlane*, for the plaintiff.

*N. B. Bryant*, for the defendants.

BY THE COURT. Independently of the two letters admitted under objection, there was evidence from which it would have been competent for the jury to find that the plaintiff accepted the proposition of Crosby & Co., as stated in their letter inclosing the notes in suit ; and that he sent the machine to them in accordance therewith. If so, the transaction was complete, and the plaintiff became entitled to hold and collect the notes. By the terms of the report there must therefore be

*Judgment for the plaintiff.*